IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PENNZOIL-QUAKER STATE COMPANY, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. H-10-4045 |
| § | |
| MILLER OIL AND GAS OPERATIONS, *et al.*, § § § § | |
| Defendants. § | |

<u>FINAL JUDGMENT AND PERMANENT INJUNCTION</u>

The Court has contemporaneously issued its Findings of Fact and Conclusions of Law in the above-styled matter. Accordingly, based on the findings of fact, conclusions of law, and analysis set forth in the Court's order contemporaneously dated, the Court hereby issues the following permanent injunction. The Court hereby

**ORDERS** that Defendants shall discontinue the use and display of the Pennzoil Marks and Trade Dress at issue in this case by Pit Stop **unless** Pit Stop continues to promote and feature Pennzoil products, does not advertise or promote another major oil brand, and purchases product directly from a Pennzoil authorized distributor. In the event that any signage is damaged and cannot be repaired, such signage shall be removed by Defendants within 30 days of such damage and shall not be replaced with signage containing the Pennzoil Mark or Trade Dress without the express written permission of Pennzoil. The Court further

**ORDERS** that the Defendants, their officers, directors, agents, servants, employees, attorneys, successors, heirs and assigns, related companies, and all those acting in concert with, or on behalf of Defendants are permanently enjoined and restrained from the future erection of any exterior signage or building facade containing the Pennzoil Marks or Trade Dress without written authorization from Pennzoil. The Court further

**ORDERS** that Defendants shall, within 7 days of the issuance of this judgment, remove Pit Stop's pole sign readerboard advertisement stating, "Oil Change Special $24.95" or otherwise alter such advertisement to clearly denote that such price reflects the installation of a generic, non-Pennzoil product. Merely altering the advertisement to say "Oil Change Special **from** $24.95" to indicate that some oil products may be more expensive is not sufficient. The Court further

**ORDERS** that for so long as Pit Stop displays the Pennzoil Marks or Trade Dress at issue in this case, Defendants may not advertise the price of a non-Pennzoil oil change without clearly designating the oil as a non-Pennzoil product, whether generic or otherwise. As such, any future advertisement by Pit Stop of a non-Pennzoil oil product shall specify that such product is not a genuine Pennzoil product. The Court further

**ORDERS** that so long as Pit Stop displays the Pennzoil Marks or Trade Dress at issue in this case, Defendants shall clearly delineate for consumers the distinction in price of an oil

change containing a genuine Pennzoil product versus an oil change containing another brand of product, including any generic-brand oil products. The Court further

**ORDERS** that so long as Pit Stop displays the Pennzoil Marks or Trade Dress at issue in this case, consumers electing to have a generic-brand or house oil product installed into their vehicle shall be clearly notified (1) prior to installation of the non-Pennzoil product, and (2) in writing, via the customer's invoice or otherwise, that such product is not a genuine Pennzoil product. Further, the customer shall be required to indicate in writing, via the customer's invoice or otherwise, his or her understanding that the product being installed is not a genuine Pennzoil product. Requiring that the customer indicate their selection of a "non-Pennzoil" generic product by checking a box on the invoice and initialing the appropriate entry shall be sufficient. The Court further

**ORDERS** that Defendants are ordered to file with this Court and to serve upon Pennzoil, within 45 days after the entry and service on the Defendants of this injunction, a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116(a).

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __22__ day of August, 2013.

*/s/ David Hittner*
DAVID HITTNER
United States District Judge